Ruffin, C. J.
 

 The court has examined the evidence, and has no hesitation in concurring in the opinion of the master.
 

 It appears, that, at the time the sale was made for the plaintiff1, Thomas S. Armistead also sold to the defendants a piece of land belonging to himself and Robert Armistead; and that payments were made by the defendants to Thomas S. Armistead as the common agent of all the vendors ; and that he divided the sums received from time to time among the vendors, in proportion to the amount of their several debts. In that way the plaintiff received from Mr. Armistead the sums due to her in January, 1836 and 1837. After-wards a settlement took place between the defendants and Thomas and Robert Armistead, in which the latter gave the Griffins credit on the debts to themselves for only their shares of the several payments, after applying rateable parts thereof to the satisfaction of the plaintiff. But the defendants insisted that the money should not be thus applied, and that they had intended the payments to be exclusively on the debts to Thomas and Robert Armistead, and not on that to the plaintiff, except as to the first payment of $221 18, before mentioned. And the matter was then so settled, by applying all the payments to the debts to the Armisteads ; and the present plaintiff sccordingly accounted with them and repaid to them the sums she had before received.
 

 While the money was in the plaintiff’s hands, as payments to her, and before she knew that the defendants raised an objection to the application of any part to her debts, the plaintiff mentioned, and also upon her examination as a witness stated, that she had received the two first instalments for the land, and the third was all that remained unpaid; and
 
 *152
 
 upon those declarations alone, the defendants rely as evi°f the payments claimed by them.
 

 It is plain that the defence is neither founded in law nor The deciarations oí the plaintiff were, at the time they were made, perfectly true, as the plaintiff had every reason to think. But subsequent occurences, and those at the instance of the defendants themselves, changed the state of things altogether, and made those payments, which the plaintiff thought were made to her, payments to other persons; and the plaintiff, in accordance with the directions of the defendants, paid over the money to those persons. Consequently, it is no longer a payment to her.
 

 But it is said, that the payments, after having been once applied by the plaintiff, cannot be rejected by her. Certainly not by her alone; but all the parties concurred to the new application in this instance.
 

 It has also been objected, that Thomas S. Armistead is not competent as a witness, as he was the plaintiff’s agent. But that relation does not generally affect the competency ; and certainly cannot do it here, since the object oí his evidence is not to discharge himself by proving a payment by him for or to his principal, but to charge himselij by admitting a payment from his principal to himself for and on account of the debt to him from the defendants.
 

 The exceptions must be over-ruled, and the report confirmed ; and decree for the plaintiff, with costs.
 

 Per Curiam, Decree accordingly.